# EXHIBIT "A"

4838-2517-8388, v. 1

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR MADISON COUNTY, FLORIDA

CHELSEA BREEDEN,

    Plaintiff,

Case No. 13- 190-CA

v.

WAFFLE HOUSE, INC.,

    Defendant.

_____/

# Summons

CERTIFIED PROCESS SERVER # 052

SECOND JUDICIAL CIRCUIT COURT OF FLORIDA

DATE SERVED 5-24-13  TIME 8:53 pm

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

WAFFLE HOUSE, INC.
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _May 10_, 2013.

CLERK OF THE CIRCUIT COURT

By: _Ramona Dickinson_
    Deputy Clerk

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR MADISON COUNTY, FLORIDA

CHELSEA BREEDEN,

CASE NO. 13- 190-CA
FLA BAR NO. 0739685

Plaintiff,

v.

WAFFLE HOUSE, INC.,

Defendant.
_____/

## COMPLAINT

Plaintiff, CHELSEA BREEDEN, hereby sues Defendant, WAFFLE HOUSE, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes; 42 U.S.C. §2000e et seq.; and 29 U.S.C. § 216(b).

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, CHELSEA BREEDEN, was a resident of the state of Florida and employed by Defendant. Plaintiff is a member of a protected class because of her gender, female, and because of her pregnancy.

4. At all times pertinent hereto, Defendant, WAFFLE HOUSE, INC., has been authorized to conduct business in the state of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was initially employed by Defendant in or about September 2011 and held a position as Salesperson at the time of her termination in or about April 2012. During the relevant period hereto, Plaintiff was pregnant.

7. During Plaintiff's employment with Defendant, Defendant maintained a policy that employees were required to "tip share" and monies were to be shared amongst employees to ensure that they receive a proper minimum wage.

8. Upon information and belief, one or more of Defendant's agents, including but not limited to, Synthia Aaron and James Strickland, falsified information on tip share documents to indicate that Plaintiff had received a fair share sufficient for her to earn minimum wage when she had not.

9. On or about November 16, 2011, Plaintiff reported this underpayment to Defendant's corporate offices resulting in an internal investigation.

10. During the pendency of the investigation, Defendant demanded that Plaintiff provide medical documentation about her pregnancy and also reduced Plaintiff's hours. Prior to this instance, Defendant had not requested any medical documentation from Plaintiff.

11. Eventually, Plaintiff was fully removed from the schedule for not completing an arbitration agreement that she was not legally mandated to sign.

12. After, the above described investigation was completed, one or more of Defendant's corporate representatives informed Plaintiff that her complaint about her pay had been sustained, and that she would be returned to the schedule on full-time basis.

2

13. Despite such assertions by Defendant's agent, she was never returned to a full-time schedule, and was thereafter terminated on or about April 2, 2012, on a contrived allegation of no call/no show.

14. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Under applicable, law, Defendant should be made to pay said fee.

## COUNT I

## GENDER/PREGNANCY DISCRIMINATION

15. Paragraphs 1 through 14 are realleged and incorporated herein by reference.

16. This is an action against Defendant for discrimination based upon gender/pregnancy brought under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

17. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender/pregnancy in that Plaintiff was treated differently than similarly situated employees of Defendant who were not pregnant.

18. Defendant is liable for the differential treatment and hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

3

19. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender/pregnancy-based nature and in violation of the laws set forth herein.

20. The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination on contrived allegations.

21. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender/pregnancy in violation of 42 U.S.C. §2000e, et seq., and Chapter 760, Florida Statutes.

22. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff re-alleges Paragraphs 1 through 14 and incorporated herein by reference.

24. Plaintiff was a employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wage. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant. Further, Plaintiff is a covered individual within the meaning of the FLSA.

25. Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA.

26. The Fair Labor Standards Act requires that employees be paid minimum wage for all hours worked and that they not be retaliated against after complaining about not being paid minimum wage.

27. The Plaintiff has not been paid minimum wage under the Fair Labor Standards Act and she reported that she was not paid according to this law.

28. Defendant knowingly and willfully failed to pay Plaintiff her lawfully earned wages in direct contravention of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate, when they knew or should have known such was due and that non payment of pay would financially injure Plaintiff. Defendant further retaliated against Plaintiff after she reported that she was paid less that the federally required minimum wage.

29. The acts of the Defendant constitutes a willful, deliberate, and intentional violation of the Fair Labor Standards Act. Due to the intentional, willful and unlawful acts of the Defendant, Plaintiff suffered damages in an amount not presently ascertainable of unpaid compensation, an equal amount as liquidated damages, and prejudgment interest. She is also entitled to all available damages due to the loss of her job in retaliation after she complained about/reported the failure to compensate her at the minimum wage rate.

30. Plaintiff is entitled to an award of reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C. §216 (b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) An injunction restraining continuing violations of the laws enumerated herein;

(b) Reinstatement to the same position that Plaintiff held before the retaliatory personnel actions or to an equivalent position;

(c) Reinstatement of the full fringe benefits and seniority rights, to the extent such were available to her;

(d) Compensation for loss wages, benefits, and other remuneration;

(e) Damages as allowed by law;

(f) Costs, attorney's fees, and interest as allowed by law, and

(g) Such other and further relief as is deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 7th day of May, 2013.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL   32303
Telephone:   (850) 383-4800
Facsimile:    (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
Michelle2@mattoxlaw.com
Mary@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF